UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LASALLE BANK NATIONAL ASSOCIATION,   CIVIL NO. 10-1338 (JRT/JSM)

    Plaintiff,

v.                                    REPORT AND RECOMMENDATION

JEFFERY A. MCCAULEY,
KELLY A. MCCAULEY,
JOHN DOE, and
MARY ROWE,

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge.

The above matter came before the undersigned upon plaintiff's Motion to Remand to State Court [Docket No. 3]. Michael R. Sauer, Esq. appeared on behalf of plaintiff; Graham M. Martin, Esq. appeared on behalf of defendant Jeffery McCauley. Defendants Kelly McCauley, John Doe, and Mary Rowe made no appearance.[1] This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b).

**I.  BACKGROUND**

Defendant Jeffery McCauley ("McCauley") moved into a home located in Oak Park Heights, Minnesota on or about July 7, 1989. See Docket No. 1 (Complaint) at ¶ 6. He financed the purchase of the home with a mortgage of $96,793 from Kislak

---

[1] According to the docket, neither Kelly McCauley, nor John Doe or Mary Rowe have been served. At the hearing, plaintiff's counsel confirmed that Kelly McCauley was not personally served, and that John Doe and Mary Rowe were "plug-in" names in case there were any other unknown occupants living at the residence.

Mortgage. Id. A year later, McCauley was diagnosed with a serious illness and became unable to work or make mortgage payments. Id. at ¶ 8. McCauley entered into a Forbearance Agreement with the United States Department of Housing and Urban Development ("HUD"), which had guaranteed the loan. Id. at ¶ 9. Under the terms of this agreement, McCauley made monthly mortgage payments at a lower amount than that to which he had originally agreed when he purchased the property. Id. at ¶¶ 11, 12. In December of 1996, HUD assigned the loan to Ocwen Federal Bank, FSB ("Ocwen"). Id. at ¶ 13.

McCauley alleges that Ocwen then informed him that he was in default on the loan and sent him numerous notices warning him of the impending foreclosure of his home. Id. at ¶¶ 15, 16. McCauley claims that the terms of the HUD Forbearance Agreement still governed the loan and he repeatedly informed Ocwen that it was incorrect in telling him that the loan was in default and foreclosure was imminent. Id. at ¶¶ 14, 16. McCauley also alleges that Ocwen altered the amount he owed, failed to credit payments, credited payments late, and added excessive fees. Id. at ¶ 19. On or about July 10, 2007, Ocwen assigned the mortgage to LaSalle National Bank Association ("LaSalle") as trustee, in care of Ocwen. Id. at ¶ 17.

McCauley alleges that Ocwen initiated foreclosure proceedings in December of 2008 after continuing to ignore his protests that the mortgage-holder was mistaken regarding the status of the loan. Id. at ¶ 18. McCauley claims that on or about February 11, 2009, he received a Notice of Pending Mortgage Foreclosure Sale stating

that the outstanding amount on the mortgage was $173,016.² Id. at ¶ 21. LaSalle then purchased the home at a March 12, 2009 Sheriff's Sale. Id. at ¶ 22.

LaSalle claims that McCauley had six months after the sale to redeem the property and failed to do so. See LaSalle's Memorandum in Support of Its Motion to Remand [Docket No. 5] ("Pl. Mem.") at 5. It also claims that McCauley failed to vacate the property. Id. In order to take possession of the property, LaSalle initiated a forcible detainer action against McCauley in Washington County District Court. Id.; see also Complaint at ¶ 23.

McCauley filed a suit on October 16, 2009 in Washington County District Court against Ocwen and LaSalle³ alleging breach of contract, intentional infliction of emotional distress, unreasonable debt collection practices, and violations of the Fair Debt Collection Practices Act, seeking a declaratory judgment that the foreclosure was wrongful and in bad faith and McCauley is currently the owner of the property, and demanding a temporary restraining order, temporary and permanent injunctive relief, attorney's fees, and damages. See McCauley v. Ocwen Federal Bank, FSB et al, Civil No. 09-3183, Docket No. 1, Attachment 2 (Complaint) ("McCauley Suit") at ¶¶ 24-36. Ocwen and LaSalle removed the case to federal court pursuant to 28 U.S.C. § 1441 under federal question jurisdiction on November 13, 2009. See McCauley Suit, Docket No. 1 (Notice of Removal). District Judge John R. Tunheim granted McCauley's

---

² McCauley notes that this alleged amount exceeds the original $96,793 amount of the mortgage. See Civil No. 10-1338 (JRT/JSM)) Complaint, Docket No. 1, ¶¶ 6, 21.

³ In the McCauley Suit, McCauley sued LaSalle National Bank Association. In the instant suit, plaintiff is named as LaSalle Bank National Association. The Court presumes that LaSalle National Bank Association and LaSalle Bank National Association are the same party.

3

request for a temporary restraining order and enjoined Ocwen and LaSalle from taking additional steps to complete the foreclosure or to try to take possession of the home. See McCauley Suit, Docket No. 2 (November 13, 2009 Order). McCauley moved for a preliminary injunction and Ocwen and LaSalle moved to dismiss McCauley's Complaint. Id., Docket Nos. 4 (LaSalle's Motion for a Preliminary Injunction), 10 (Defendants' Motion to Dismiss).

On February 26, 2010, Judge Tunheim denied McCauley's motion for preliminary injunction and dismissed his claims for intentional infliction of emotional distress and violations of the Fair Debt Collection Practices Act. See McCauley Suit, Docket No. 22 (Memorandum and Order). Pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, Judge Tunheim also dismissed "[a]ll requests for relief that would interfere with the state court proceedings or the judgment of the state court in the forcible detainer action, or that would constitute an appeal from the judgment of the state court." Id. at 14. Additionally, Judge Tunheim lifted the temporary restraining order of November 13, 2009. Id. at 15. .

While McCauley's request for injunctive relief was pending, LaSalle's rights under its initial unlawful detainer action expired. LaSalle Mem. [Docket No. 5] at 6. Consequently, LaSalle filed another unlawful detainer action in Washington County District Court on March 22, 2010 against McCauley, Kelly McCauley, John Doe, and Mary Rowe. See Notice of Removal [Docket No. 1] ¶ 2, Attachment 1 (Eviction Summons). McCauley removed the case to federal court on April 12, 2010 based on "pendant supplemental jurisdiction, as ruled on in United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) and codified in 28 U.S.C. § 1367 because the issue in this

case arises from a common nucleus of operative facts with an ongoing federal proceeding (case number 09-CV-03183 (JSM)) such that the plaintiffs in the above-captioned action would ordinarily be expected to try the cases in one judicial proceeding." Notice of Removal at 1. LaSalle filed the instant Motion to Remand to Washington County District Court on April 28, 2010 "for lack of Federal Jurisdiction." See Docket No. 3 (Motion for Remand) at 1.

## II. ANALYSIS

A defendant may remove a civil action filed in state court to a federal court where the action might originally have been brought. 28 U.S.C. §§ 1441(a), (b). The federal court to which the action is removed must have original subject matter jurisdiction over the case. 28 U.S.C. § 1441(b). Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

This Court does not have original subject-matter jurisdiction over this case, and McCauley does not contend otherwise. The case involves a state-court eviction proceeding. See Minn. Stat. § 504B.321; Notice of Removal, Docket No. 1, Attachment 1 (Eviction Summons). The eviction proceeding does not present a federal question.

Id. Similarly, there is no diversity jurisdiction because the amount in controversy is less than the required jurisdictional amount of $75,000.[4]

In support of its motion for remand, LaSalle claims that Judge Tunheim's February 26, 2010 Order in the McCauley Suit requires that the sole issue presented by the instant case – possession of the property – must be heard in state court. Pl. Mem. at 4. The Court finds otherwise. Although the February 26, 2010 Order dismissed McCauley's motion for injunctive relief on grounds that a federal injunction staying state court proceedings is a violation of the Anti-Injunction Act, 28 U.S.C. § 2283, the Order

---

[4] In actions seeking injunctive or declaratory relief, the amount in controversy may be measured by the value of the object of the litigation. See, e.g., Hunt v. Washington State Apple Advertising Comm'n, 423 U.S. 333, 347 (1977). If an amount in controversy is not stated in the complaint, the removing defendant bears the burden of establishing that the jurisdictional amount under 28 U.S.C. § 1332 has been met. See Bell v. Hershey, 557 F.3d 953, 956 (8th Cir. 2003). Here, neither party has provided an estimate of the value of the possessory interest in the home, and McCauley made no attempt to establish that the amount in controversy exceeded the monetary threshold required by 28 U.S.C. § 1332(a). Under Minnesota law, as a general rule, eviction actions seek only restitution of certain premises; they do not seek monetary damages and therefore do not meet the required amount in controversy. See Mousel v. Knutson Mortgage Corp., 823 F. Supp. 658, 662 (D. Minn. 1993) ("Although the parties to this action are citizens of different states, the amount in controversy does not exceed $50,000. In its unlawful detainer action, Knutson seeks only restitution of the premises and its costs and disbursements. Because Knutson's complaint does not meet the amount in controversy requirement, diversity jurisdiction does not exist."); see also Koochiching County v. Erickson, No. Civ. 04-3477, 2005 WL 1432347, at *1 (D. Minn. Mar. 7, 2005) (where original complaint sought to have Erickson evicted from property allegedly owned by the state and made no claim for damages, court found "complaint presents an exclusively state-law based claim that does not involve an amount in controversy greater than $75,000."); JPMorgan Chase Bank, N.A. v. Coleman, Civ. G-06-688, 2007 WL 655629, at *2 (S.D. Tex. Feb. 27, 2007) ("Also, as JPMorgan points out, since the Forcible Entry and Detainer action deals only with the issue of the right to possession of the property from the trespassing Coleman, the amount in controversy is clearly below the $75,000.000 threshold for diversity jurisdiction."); but see MCC Mortgage LP v. Office Depot, Inc., 685 F. Supp.2d 939, 942-43 and n. 3 (D. Minn. 2010) (declining to follow the Mousel rule in an eviction action regarding a multi-year commercial lease where the value of a possessory interest in the property was shown to exceed the amount in controversy).

did not preclude removal of a subsequent eviction proceeding brought in state court. See McCauley Suit, Docket No. 22, (Memorandum Opinion and Order) at 5-6, 14. At best, this decision prohibited requests to interfere with state court proceedings or to appeal state court judgments. Id. Removal does not interfere with LaSalle's eviction action; it merely moves the case to a different court.

In opposition to LaSalle's motion to remand and in support of his position that the instant suit is properly before this Court, McCauley argues that supplemental jurisdiction can serve as the vehicle for removal of the current action to federal court. In short, McCauley's maintains the Court has original jurisdiction over the McCauley Suit; the claims in the instant suit are related to the claims in the McCauley Suit; and so long as the claims are related, supplemental jurisdiction can apply as there is nothing in the language of 28 U.S.C. § 1367 restricting the exercise of supplemental jurisdiction to only those situations in which the claim is part of the same action. See Memorandum of Law in Support of Defendant's Opposition to Plaintiff's First Amended Motion for Remand ("Def. Mem.") at 7.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. The plain meaning of the statute indicates that claims, and not actions, may be added to existing actions over which the federal court has original jurisdiction. Actions are not claims and separate suits may not be added together via § 1367. Supplemental jurisdiction cannot serve as a basis for bootstrapping LaSalle's unlawful detainer action to the McCauley Suit just because it is

related to McCauley's earlier action, and may stem from the same set of facts. See Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute.") (citations omitted)); Flower v. Wachovia Mortgage FSB, No. C09-343 JF, 2009 WL 975811 at *8 (N.D. Cal. Apr. 10, 2009) ("Ancillary or supplemental jurisdiction is not a source of original jurisdiction and therefore may not serve as the basis for removal."); Keene v. Auto Owners Ins. Co., 78 F. Supp. 2d 1270, 1274 (S.D. Ala. 1999) (finding that supplemental jurisdiction can not be used to "bootstrap" an otherwise unremovable case into federal court); Zewe v. Law Firm of Adams & Reese, 852 F. Supp. 516, 520 (E.D. La. 1993) ("[A] district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in state court suit which was removed without original jurisdiction.").

McCauley relies heavily on dicta in Cohen v. Reed, 868 F. Supp. 489, 494 (E.D.N.Y. 1994), noting that supplemental jurisdiction could conceivably be used to confer removal jurisdiction. Like other courts, the Court finds this dicta, which the Cohen court did not fully explain or elaborate upon, unpersuasive. See, e.g., McClelland v. Longhitano, 140 F. Supp. 2d 201, 204 (N.D.N.Y. 2001) (refusing to follow Cohen because it was dicta, was not binding, was not supported with sufficient analysis, and because many other courts reached the opposite conclusion); In Re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995) (noting that Cohen's dicta would violate

8

the rule in Caterpillar Inc. v. Williams, 482 U.S. 386 (1987).[5] McCauley cannot use an already existing, albeit related, case to provide the mechanism for the removal of a case that lacks original jurisdiction. See Fabricius v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case [is] pending in federal court [is] not in itself sufficient grounds for removal under 28 U.S.C. § 1441.").[6]

This Court is sympathetic to the fact that McCauley has a related case pending in federal court against LaSalle, and that at an intuitive level it would make sense to have these two cases proceed together. However, the relationship of these cases is not material to this Court's analysis. See Flower, 2009 WL 975811 at *9 ("[T]he relationship between the unlawful detainer action and the [other] action is immaterial for the purposes of removal jurisdiction."); see also Ahearn, 100 F.3d at 456 (requiring original subject matter jurisdiction even if the action the defendant seeks to remove is related to another action already legitimately before a federal district court). This is particularly

---

[5] In Caterpillar Inc. v. Williams, 482 U.S. 386, 391 (1987) the Supreme Court stated "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required."

[6] This Court recognizes that some courts have followed Cohen and left the door open for supplemental jurisdiction to serve as the basis for removal. See DeBasio v. LifeUSA Holdings, Inc., No. CIV.A. 98-3346, 1998 WL 546127 at *3 (D.N.J. Aug. 27, 1998) ("When two actions are consolidated before the same district court, only one of which provides a basis for original jurisdiction, there is no reason why the court could not exercise supplemental jurisdiction over related state claims asserted in the other action."); Simcox v. McDermott Int'l, Inc., No. H-92-3014, 1993 U.S. Dist. LEXIS 18302 at *8 (S.D. Tex. Dec. 21, 1993) (finding that a case "need not be independently removable" if supplemental jurisdiction is present). However, this Court, like others, declines to follow these cases because they do not comport with the express language of 28 U.S.C. § 1367. See Active Disposal Service, Inc. v. County of Somerset, Civil Action Nos. 07-3210, 07-3239, 2009 WL 78149 at *2 n.2 (D.N.J. Jan. 9, 2009) (declining to follow the dicta in DeBasio and finding that "jurisdiction should not be based on a separate but related action"); Estate of Tabas, 879 F. Supp. at 468 ("[T]he court in Simcox committed a clear error of law . . .").

9

true where the state law in question in this action, Minn. Stat. § 504B.285, states that eviction actions are to be summary proceedings that resolve the issue of possession of the property and no other matters. See Minn. Stat. § 504B.001 (defining "eviction" as a "summary court proceeding to remove a tenant or occupant"); Berg v. Wiley, 226 N.W.2d 904, 906 (Minn. 1975) ("[T]he act at issue was drawn to provide summary disposition of disputes as to possession only"). The litigation of issues other than possession is "clearly not amenable or appropriate," in the instant eviction proceeding, even if those issues are related to the eviction. Berg, 226 N.W.2d at 907; see also Thomey v. Stewart, 391 N.W.2d 533, 536 (Minn. Ct. App. 1986) (finding that an unlawful detainer action only determines the right to possession). Thus, where McCauley's claims in the related suit pending in this Court, cannot be raised or used as "defenses" in the instant eviction proceeding, there is no compelling reason for permitting supplemental jurisdiction to be used to hale the present action into federal court via that related federal case.

This Court also understands McCauley's desire to have both cases heard together as a single case for reasons of judicial economy, convenience, and fairness to litigants, (see Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc., 989 F.2d 985, 993 (8th Cir. 1993) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966)), and appreciates the novelty and creativity of his arguments. See Chase v. Auerbach, No. Civ. A. 94-5892, 1994 WL 590588 at *2 (E.D. Pa. Oct. 26, 1994) (commending defendant in a similar removal action for proposing a theory of removal that, despite having little precedential support, had also not been explicitly rejected).

Nevertheless, this Court cannot ignore the express language of § 1367 and convert an otherwise unremoveable case to a removeable case based upon this statute.

In summary, this Court concludes that supplemental jurisdiction cannot overcome the mandate that the suit sought to be removed must meet the requirement of original jurisdiction on its own. LaSalle's state-court eviction proceeding cannot be removed to federal court on based on supplemental jurisdiction even though there is already pending in federal court a related case.

### III.     ATTORNEY'S FEES

LaSalle requests an award of attorney's fees and costs under 28 U.S.C. § 1447(c). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford McCauley a right to remove as a general matter . . ." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). Courts may award attorney's fees and costs "only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141. The decision to award or not award fees and costs is at the discretion of the district courts. Id. at 140. However, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421-22 (1978).

District courts in the Eighth Circuit have split on whether a finding of bad faith is required to impose fees and costs. See Moriconi v. AT&T Wireless PCS, LLC, 280 F.

11

Supp. 2d 867, 880-81 (E.D. Ark. 2003) (discussing the requirement of bad faith in regards to attorney's fees); compare Moline Machinery, Ltd. v. Pillsbury Co., 259 F. Supp. 2d 892, 905-06 (D. Minn. 2003) (declining to award fees because removal was sought in good faith) with Calloway v. Union Pac. R. Co., 929 F. Supp. 1280, 1283 (E.D. Mo. 1996) (arguing that an award of attorney's fees does not require a finding of bad-faith removal). Even the definition of an "objectively unreasonable" removal is unresolved in the circuit. Compare H.B. Fuller Co. v. BRTT, Inc., Civ. No. 08-295, 2008 WL 1924182 at *5 (D. Minn. Apr. 29, 2008) (awarding fees when there was no federal question and all parties were citizens of the same state) with Byrd v. Auto-Owners Ins. Co., No. 4:08CV1368SNLJ, 2008 WL 5071105 at *5 (E.D. Mo. Nov. 24, 2008) (refusing to award fees for failure to comply with the rule of unanimity and finding that such failure was not frivolous or in bad faith).

Although the removal of this state-court eviction action to federal court has delayed the litigation, the removal was neither objectively unreasonable, nor in bad faith. It is true that this Court has agreed with the vast majority of cases that found that supplemental jurisdiction, under 28 U.S.C. § 1367, does not support the removal of a case to federal court under 28 U.S.C. § 1441. Nevertheless, the Court also recognizes that there is some case law to support the opposite proposition, and the Eighth Circuit has not yet spoken on the issue of whether supplemental jurisdiction can be used as a means for removal. As such, LaSalle's request for fees and costs should be denied.

## IV. RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. LaSalle National Bank Association's Motion to Remand to Washington County District Court, Tenth Judicial District of the State of Minnesota [Docket No. 3] be **GRANTED**.

2. LaSalle Bank National Association v. Jeffery A. McCauley, Kelly A. McCauley, John Doe, and Mary Rowe [Civil NO. 10-1338 (JRT/JSM)] be **REMANDED** to Washington County District Court, Tenth Judicial District of the State of Minnesota.

3. LaSalle National Bank Association's request for costs and attorney's fees be **DENIED**.

Dated: August 20, 2010

                                            s/ *Janie S. Mayeron*
                                            JANIE S. MAYERON
                                            United States Magistrate Judge

## **NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 3, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **September 3, 2010**.